UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BRADLEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 16-51-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SUE CAROLE PERRY, individually and in | ) | **&** |
| her official capacity as Shelby County Clerk, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court on Bradley Jones's Motion for Judgment. [R. 14.] Though Jones makes a specific request for damages, both parties agree that a jury trial is appropriate as to damages only. For the reasons stated below, Jones's Motion for Judgment is **DENIED** so that a jury can determine appropriate damages.

**I**

Jones filed suit against Defendant Sue Perry on July 28, 2016 for violation of his Fourteenth Amendment right to marry pursuant to 42 U.S.C §1983. [R. 1.] A greater detailing of the facts can be found in the Court's Opinion granting a permanent injunction, but the basic facts follow. [*See* R. 12.]

Jones brought this suit because he wanted to marry Kathryn Sauer, who was incarcerated at the Kentucky Correctional Institution for Women ("KCIW"). No clerk in Kentucky would grant him a marriage license because Sauer, obviously, could not appear in person to obtain the license. [R. 1 at 1.] Defendant Sue Carole Perry, the clerk of Shelby County, Kentucky, where KCIW is located, told Jones that "her office interprets Kentucky law as saying both parties must be present to issue a marriage license." [*Id.* at 3.] Jones informed her that his fiancée could not

appear at the clerk's office because she was in prison, "but [Perry] still refused to issue a license." [*Id.*] Prison officials at KCIW also offered no help. In a letter sent to Jones that same month, Warden Janet Conover informed him that she had "no objection to the marriage," but that "both parties must be present [at the clerk's office] to obtain a license and [the prison does] not transport inmates for this reason." [R. 4-5 at 1.]

In his complaint, Jones made the following prayer for relief:

> 1) Declaratory judgment [finding] that KRS § 402.110's in-person requirement, as applied to Mr. Jones, is unconstitutional under the Fourteenth Amendment to the United States Constitution;
> 2) A preliminary and permanent injunction, without bond, barring Defendant, in her official capacity, from enforcing KRS § 402.110's in-person requirement against Mr. Jones in the future so long as Ms. Sauer's inability to satisfy the in-person requirement is due solely to her incarceration;
> 3) Judgment in Mr. Jones' favor for his individual capacity claim against Defendant for unlawfully refusing to issue Mr. Jones a marriage license in violating of his fundamental right to marry secured by the Fourteenth Amendment, and an award of monetary damages for Defendant's violation;
> 4) An award of attorney fees, costs, and expenses incurred in prosecuting this action, pursuant to 42 U.S.C. § 1998; and
> 5) All other relief to which Mr. Jones may be entitled.

[R. 1 at 6.]

On October 18, 2016, this court granted Jones's motion for injunctive relief and permanently enjoined Perry from requiring Sauer to appear at the Shelby County Clerk's Office prior to issuing Jones a marriage license. [R. 12.] This Court gave Perry up to and including Friday, November 4, 2016, to adopt and perform a procedure that will permit Jones and Sauer to obtain a marriage license without physically appearing at the Shelby County Clerk's Office. [*Id.*]

The Court's order resolved the First and Second prayers for relief and left open the Third, Fourth, and Fifth prayers, which are now before the Court. Though this Court entered language that this case should be stricken from the docket, it was inadvertent and is now modified.

Jones alleges in his current motion that he has suffered "significant emotional distress, including anxiety, sleeplessness, feelings of helplessness, and even anger," as a result of his rights being deprived. [R. 14 at 2.] Citing no authority, Jones states that he "is entitled to monetary damages" in the amount of "$100 per day that he was prohibited from exercising his constitutional right to marry, from July 14, 2016 to November 4, 2016, for a total of $11,300." [R. 14 at 3.] He submitted a short affidavit stating the same. [R. 14-1 at 2.]

## II

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. "[T]he Seventh Amendment jury guarantee extends to statutory claims unknown to the common law, so long as the claims can be said to 'soun[d] basically in tort,' and seek legal relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999). The Supreme Court has held that violations pursuant to 42 U.S.C § 1983 create "a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986), *quoting Carey v. Piphus,* 435 U.S. 247, 253 (1978) (internal quotations omitted). And "[d]amages for a constitutional violation are a legal remedy." *City of Monterey*, 526 U.S. at 710.

Proven mental or emotional distress are compensable for Constitutional violations. *Baumgardner v. Sec'y, U.S. Dep't of Hous. & Urban Dev. on Behalf of Holley*, 960 F.2d 572, 582 (6th Cir. 1992); *see also Pembaur v. City of Cincinnati*, 882 F.2d 1101, 1104 (6th Cir. 1989). But, the Court in *Carey*, 435 U.S. at 262, explained that damages cannot be presumed in procedural due process cases. The "plaintiffs at least should be put to their proof on the issue, as plaintiffs are in most tort actions." *Id.*; *but see King v. Zamiara*, 788 F.3d 207, 213–14 (6th Cir.

2015) (holding that in some Constitutional violation cases, presumed damages might be appropriate, such as First Amendment cases). After damages are proven, "the burden of proof shift[s] to the [defendants] to demonstrate that the procedural violation did not cause [the plaintiff's] injury." *Franklin v. Aycock*, 795 F.2d 1253, 1263–64 (6th Cir. 1986).

Plaintiffs might also claim "nominal damages" with or without proof of actual damages. *Carey*, 435 U.S. at 266. Punitive damages are only available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Zamiara*, 788 F.3d at 216 (quoting *Smith v. Wade,* 461 U.S. 30, 56 (1983)).

Here, Jones alleged violation of his due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and thus makes a claim that sounds in tort. He is seeking monetary damages, which is a legal relief. In accordance with the Seventh Amendment, a jury trial is therefore appropriate as to damages only. This Court may not assume Jones's damages based only on his affidavit and short Motion for Judgment, but Jones must first present proof of his actual damages and Perry will be burdened with proving that the procedural violation committed by her did not cause Jones's damages. *See Baumgardner v. Sec'y, U.S. Dep't of Hous. & Urban Dev. on Behalf of Holley*, 960 F.2d 572, 582 (6th Cir. 1992). Jones may also bring a claim for nominal damages and punitive damages if he can prove the adequate intent. *Zamiara*, 788 F.3d at 216.

### III

Accordingly, and for the reasons stated above, it is hereby **ORDERED**:

1. Plaintiff's Motion for Judgment is **DENIED**; and

2. This case is referred to the Magistrate Judge Edward B. Atkins pursuant to 28 U.S.C § 636(B)(3) to craft a limited discovery plan with the parties for the purposes of assessing their damages claims.

This the 29th day of September, 2017.

Gregory F. Van Tatenhove
United States District Judge